UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL-EDMUND BAMBAS,

        Plaintiff,

v.

CITIMORTGAGE, INC., POTESTIVO & ASSOCIATES, PC, ORLANS & ASSOCIATES, PC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), and DOES 1-50, individually, and jointly and severally,

        Defendants.
_____/

CASE NO. 12-15161

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS AND DENYING PLAINTIFF'S MOTIONS**

Before the Court is Defendants CitiMortgage, Inc. ("CMI") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Doc. No. 3), Defendant Orlans & Associates' Motion to Dismiss ("Orlans") (Doc. No. 5), Defendant Postestivo & Associates, P.C.'s ("Potestivo") Motion to Dismiss (Doc. No. 13), Plaintiff Michael-Edmund Bambas' Motion to Remand (Doc. No. 15), and Plaintiff's Motion to Dismiss the Motions to Dismiss Submitted by Defendants (Doc. No. 16). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motions and **DENIES** Plaintiff's motions.

**I.    INTRODUCTION**

Plaintiff Michael-Edmund Bambas filed suit in the Circuit Court for the County of Livingston to challenge a foreclosure sale of real property located at 6367 Stephen St., Brighton MI, 48116 (the "Property"), which Plaintiff purchased in 1993. Plaintiff entered into a mortgage loan transaction and as security for the loan, he executed a promissory note and a mortgage. (Doc. No. 3, Exs. A and B). After a series as assignments, in July 2008, MERS assigned the Mortgage to CMI. (Doc. No. 3, Ex. I).

After Bambas defaulted on his mortgage payments obligations, CMI retained Orlans & Associates (Orlans) to initiate foreclosure proceedings. (Doc. No. 13, Ex. 8). Eventually, CMI and Bambas negotiated a Stipulated Special Forbearance Plan agreement, which Plaintiff executed on February 11, 2010. (Doc. No. 13, Ex. 7). Plaintiff again failed to make his regular monthly payments under the Note and Mortgage, and CMI mailed Plaintiff a notice of default and intent to accelerate. (Doc. No. 13, Ex. 10). Plaintiff had until May 28, 2011, to cure the default. (Doc. No. 13, Ex. 10).

After Plaintiff failed to cure, CMI retained Postestivo to represent it in the foreclosure process. Postestivo, acting as CitiMortgage's designee, mailed the preforeclosure notice on July 14, 2011. (Doc. No. 13, Ex. 11). Plaintiff subsequently received a notice of scheduled mediation, and Postestivo requested financial documentation from Plaintiff. (Doc. No. 13, Ex. 12).

Plaintiff did not provide the requested documentation; instead, he challenged whether CitiMortgage properly disbursed escrow funds, which had been placed in escrow to pay for repairs that became necessary after the Property suffered fire damage in May

2010. CitiMortgage provided the mortgage payment history and a breakdown of the Escrow Funds disbursements to Plaintiff on September 16, 2011. (Doc. No. 13, Ex. 13). Plaintiff refused to negotiate a loan modification agreement at the September 27, 2011 meeting. On October 17, 2011, Potestivo sent Bambas notice that he was ineligible for a loan modification given his failure to supply the needed documentation to determine eligibility. (Doc. No. 13, Ex. 14).

Foreclosure proceedings ensued, and a sale was scheduled for March 28, 2012. (Doc. No. 13, Ex. 15). Plaintiff sent Postestivo acknowledgment of receipt of the Notice of Foreclosure. (Doc. No. 13, Ex. 16). Bambas also challenged the amount outstanding on the Loan and disputed CMI's right to foreclose because it did not produce the original Note. (Id.) Bambas asked for a suspension of the foreclosure sale and requested payoff estimates for May 1, 2012, June 1, 2012, and July 1, 2012, as well as the amortization chart on his loan.

CMI agreed to adjourn the foreclosure sale, which eventually took place on May 2, 2012. (Doc. No. 13, Ex. 15). The redemption period expired November 2, 2012. (Doc. No. 13, Ex. 15 at 9). Plaintiff did not redeem the Property.

Bambas filed his Complaint to Quiet Title, Statutory Money Damages for Violation of TILA, RESPA. RICO, and Other Applicable State and Federal Home Lending Laws, with Demand for Trial by Jury on August 29, 2012. (Doc. No. 1, Ex. 2). In his Complaint, Bambas seeks to quiet title to the Property. In Count I, he argues that Defendants lacked standing to foreclose. In Count II, Bambas asserts that the sheriff's foreclosure sale was void and asks the Court to set aside the sheriff's sale. In addition, Bambas seeks title to

3

the Property free and clear of all encumbrances, reimbursement for all payments made under his mortgage loan, and damages for violations of state and federal law.

CMI and MERS filed a Notice of Removal on the basis of federal question subject matter jurisdiction and diversity of citizenship. In the Notice of Removal, CMI and MERS acknowledge that they did not received consent from Potestivo or Orlans, asserting that these Defendants are nominal, improper, or fraudulently joined. (Doc. No. 1 at ¶ 4). According to CMI and MERS, the Court may exercise federal question subject matter jurisdiction, because Plaintiff asserts federal causes of action against them based on the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Racketeer Influenced and Corrupt Organizations Act, and the Uniform Commercial Code. (Doc. No. 1, Ex. 1 at ¶¶ 110, 114). In the alternative, diversity of citizenship provides an avenue for federal subject matter jurisdiction.

All Defendants have moved for dismissal Plaintiff asks the Court to remand this action and also asks the Court to dismiss Defendants' motions to dismiss.

## II. STANDARD OF REVIEW

### A. Removal

To invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). Furthermore, because federalism concerns are implicated, removal statutes are to be narrowly construed. See Shamrock Oil & Gas Corp.

v. Sheets, 313 U.S. 100, 108-09 (1941); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). The defendant seeking removal must prove by a preponderance of the evidence that the jurisdictional facts it alleges are true. Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). The defendant must file a notice of removal within thirty days after receipt of a copy of the complaint. 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Id.

### B. Failure to State a Claim

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

5

## III. ANALYSIS

### A. Subject Matter Jurisdiction

#### 1. Diversity of Citizenship

Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1322(a). It is well established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the adverse parties in the action. That is, the citizenship of each plaintiff must be diverse from that of each defendant. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989)

It is undisputed that Defendants Postestivo and Orlans (the "Law Firm Defendants"), share Michigan citizenship with Bambas. The Law Firm Defendants are firms that represented CMI during the preforeclosure and foreclosure process. The parties dispute whether Law Firm Defendants' citizenship may be disregarded in this case. Law Firm Defendants maintain that they are nominal parties because they have no real interest in the outcome of the litigation in that they acted solely as attorneys for CMI during the foreclosure proceedings. Bambas claims that Law Firm Defendants received documentation establishing that CMI lacked standing to foreclose and, therefore, had an obligation to advise CMI that the foreclosure by advertisement was unavailable to CMI. (Compl. at ¶ 107).

The Court finds that Plaintiff has not stated a claim for quiet title against Law Firm Defendants, in that neither holds an interest in the Property. Moreover, it is well

established that a law firm owes no duty to his client's adversary. See Everett v. Shaheen, Jacobs & Ross, P.C., No. 11-11844, 2011 U.S. Dist. LEXIS 118875 (E. D. Mich. Sept. 27, 2011) (Doc. No. 13, Ex. 22); Barthlow v. Trott & Trott, P.C., 10-11902, 2010 WL 3258362 (E.D. Mich. Aug. 17, 2010) (holding that "a law firm that represented the mortgagee in the foreclosure matter," owes no "legal duty to the [p]laintiff") (citing Friedman v. Dozorc, 412 Mich. 1, 312 N.W.2d 585, 593 (Mich. 1981) (observing that "recognition of a cause of action for negligence in favor of a client's adversary might unduly inhibit attorneys from bringing close cases or advancing innovative theories, or taking action against defendants who can be expected to retaliate").

In this case, the citizenship of Law Firm Defendants is disregarded because Bambas has no cognizable cause of action against either under state law. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). Law Firm Defendants were hired to negotiate loan modification terms and to commence foreclosure proceedings. To the extent that Plaintiff has any claim it is against the principal, CMI, not the agent. Therefore Law Firm Defendants are nominal parties, with no real interest in the outcome of the litigation, who were joined to defeat diversity. Consequently, their citizenship is not considered for purposes of determining diversity. 28 U.S.C. § 1441; Navarro Savings Assn v. Lee, 446 U.S. 458, 461 (1980).

In addition, the amount in controversy exceeds $75,000. The Notice of Removal alleges that the assessed value of the property, which is defined as one-half of the true cash value is assessed at $53,400. Therefore, the fair market value is set at $106,800. (Doc. No. 1, Exs. 4, 5). Here, Bambas seeks full title to the Property, and the litigation

7

meets the amount in controversy requirement.

### 2. Federal Question

In the alternative, CMI and MERS assert that this Court may exercise subject matter jurisdiction based upon federal question. A district court's federal question jurisdiction exists "only in those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir.1990). The federal ground asserted to establish jurisdiction must be more than incidental to a state-law claim, see, Johnson v. Orr, 551 F.3d 564, 570 (7th Cir. 2008) and the mere incantation of a federal statute will not automatically trigger federal jurisdiction. See, Howery v. Allstate Ins. Co., 243 F.3d 912, 917-18 (5th Cir. 2001); Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105 (7th Cir. 1996); Rains v. Criterion Sys., Inc., 80 F.3d 339, 343-44 (9th Cir. 1996).

In his Complaint, Bambas references several federal laws in the caption of his Complaint, including the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Racketeer Influenced and Corrupt Organizations Act. In Paragraphs 100(f) and 114(f) he asks for an award of damages for violations of these federal laws. Nevertheless, the causes of action identified in the complaint are based on state law, not federal. The mere incantation of a federal statute does not trigger federal jurisdiction in this case, where the complaint contains no factual allegations to support federal statutory claims.

Because this Court is satisfied that it may exercise jurisdiction based on diversity of citizenship, Plaintiff's request for remand is **DENIED.** Accordingly, the Court considers

the requests for dismissal.

### B. Law Firm Defendants

The Court agrees with Law Firm Defendants that they owed no duty to Bambas. Therefore, they cannot be liable to him for conducting the business of their clients. See Edwards v. Std. Fed. Bank, N.A. No. 08-12146, 2009 WL 92157 at *3 (E. D. Mich. Jan. 14, 2009). Here, as was the case in Conlin v. Mortgage Electronic Registrations Sys., Inc., No. 11-15352, 2011 WL 6440705 at *1 (E. D. Mich. Dec. 16, 2011) and Faris v. BAC Home Loans Servicing, LP, No. 11-12007, 2012 WL 628592 (E. D. Mich. Feb. 27, 2012), there is no claim advanced by Bambas as to Orlans or Postestivo. Specifically, Law Firm Defendants own no interest in the Property and the quiet title claim fails. Nor does a claim that the sheriff's sale is void provide a basis for prevailing against these Law Firm Defendants, who merely represented the mortgagee during the foreclosure process.

Therefore, Law Firm Defendants' motions for dismissal are **GRANTED.** Next, the Court considers CMI and MERS' request for dismissal.

### C. CMI and MERS

Before turning to the merits of CMI and MERS' arguments, the Court must decide whether to consider documents attached to Defendants' motion that are outside the pleadings, including the mortgage and various assignments, the sheriff's deed, and the adjustable rate mortgage loan program disclosure. In Weiner v. Klais and Co., 108 F.3d 86,88 (6th Cir.1997), the Sixth Circuit observed that the lower court "may consider any matters of which a court may take judicial notice without converting a party's motion to dismiss into a motion for summary judgment." Moreover, when the documents are

9

referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss. Id. (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993)).

Here, the Court will consider the exhibits because those that are not incorporated by reference are verifiable and integral to the parties' dispute. There is no dispute that the property was at a foreclosure sale or that the redemption period expired. CMI and MERS maintain that once the period expired, CMI was vested with all the right, title, and interest in the property. The Court agrees.

Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period. See Mich. Comp. Laws § 300.3236-3240. Under Michigan law, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted). The Court therefore considers whether Plaintiff has alleged fraud or irregularity sufficient to attack the foreclosure under Rule 12(b)(6). See Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 745 (E.D. Mich. 2010); Lemke v. H & R Block Mortg. Corp., 11-14979, 2012

WL 715894 (E.D. Mich. Mar. 6, 2012) (citing Tatar v. Trott & Trott, P.C., No. 10–12832, 2011 WL 3706510 (E.D. Mich. Aug. 3, 2011)); Brezzell v. Bank of Am., N.A., No. 11–11467, 2011 WL 2682973 (E.D.Mich. July 11, 2011)).

Bambas has not identified any actual defect in the sheriff's sale. His position is that CMI and MERS lacked authority to foreclose by advertisement. To support this position, Bambas argues that CMI did not hold the Note and was not a party with an ownership interest in the indebtedness, and therefore, Defendants lacked authority under the governing statute to foreclosure.

Plaintiff's argument lacks factual or legal support. First, he is just plain wrong that CMI lacked an ownership interest. In Residential Funding Co., LLC v. Saurman, 805 N.W.2d 183 (Mich. 2011), the Michigan Supreme Court held that the statutory language requiring a foreclosing party to possesses an "interest in the indebtedness" included mortgagees of record. Because CMI was the mortgagee of record at the time of the sale, it had standing to foreclose. See Fortson v. Fed. Home Loan Mortg., No. 12-10043, 2012 WL 1183692 at *4 (E. D. Mich. Apr. 9, 2012) (holding that an assignment by MERS prior to a foreclosure sale by the assignee comports with the statute).

Plaintiff also argues wrongful foreclosure occurred because CMI was not the original mortgagee. Under § 600.3204(3), when the foreclosing party is not the original mortgagee, as is the case here, "a record chain of title shall exist prior to the date of sale." Here, MERS assigned the mortgage to CMI on July 21, 2008. (Doc. No. 3, Ex. I). CMI, the foreclosing party, had record chain of title prior to the May 2, 2012, foreclosure sale.

11

Moreover, even if the manner in which the foreclosure was handled violated the statute, as the Michigan Supreme Court made clear in <u>Kim v. JPMorgan Chase Bank, N.A.</u>, 825 N.W.2d 329 (Mich. 2012), the "failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void ab initio ) but merely voidable." For Plaintiff to succeed on his claim based upon foreclosure defects, he must show resulting prejudice. In other words, he must show that he would have been "in a better position to preserve his interest in the property" absent [34dcsgyD]efendants' "noncompliance with the statute." <u>Kim</u>, 825 N.W.2d at 337. Here, Plaintiff have not advanced any facts to support this element, and CMI and MERS are entitled to dismissal of the Complaint.

Lastly, the Court finds Plaintiff's request that the motions to dismiss be dismissed is ill founded. He attempts to challenge the various mortgage assignments. Because Bambas was not a party to the assignments, he has no standing to contest the transfer. <u>Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC</u>, 717 F. Supp.2d 724, 747-48 (E.D. Mich.), <u>aff'd</u> 399 F. App'x 97 (6th Cir. 2010). In his summary brief, Bambas contends that the notice he received that he may be eligible to receive a payment as a result of the consent judgement between CMI and federal banking regulators demonstrates CMI has unclean hands. The federal enforcement action does not create a claim for improper foreclosure under state law. The consent order creates no cause of action for individual borrowers. See <u>Rocha v. Bank of America</u>, No. 11-cv-1058, 2011 WL 6020169 (D. Minn., Nov. 7, 2011), report and recommendation adopted without discussion by 2011 WL 6012535 (D. Minn. Dec. 1, 2011).

12

IV. **CONCLUSION**

For the reasons stated, the Court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motions.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: August 9, 2013

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.


s/Bernadette M. Thebolt
Case Manager